UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DWANYE LACY, et al., Plaintiffs, v. U. S. ATTORNEY'S OFFICE, et al., Defendants. | Case No. 25-cv-10453-HSG **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE** Re: Dkt. No. 2 |

Pending before the Court is pro se Plaintiffs Edward Dwayne Lacy and Xavier Dwayne Lacy's motion to proceed *in forma pauperis*. Dkt. No. 2.

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed Plaintiffs' application, the Court finds that they are unable to pay the full amount of fees, costs or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the action is barred by res judicata and accordingly **DENIES** the motion to proceed *in forma pauperis*.

## I. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted.

United States District Court
Northern District of California

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiffs are pro se, the Court construes the complaint liberally and affords them the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. DISCUSSION

On December 5, 2025, Plaintiffs filed a complaint in which they allege that they were mistreated at the Social Security Administration office in Hayward, California. *See* Dkt. No. 1. Plaintiffs amended the complaint a couple weeks later, though the allegations are largely the same. *See* Dkt. No. 8 ("FAC"). According to Plaintiffs, in April 2013, Plaintiff Edward Lacy was attempting to pick up benefits for himself and his son, Plaintiff Xavier Lacy (a minor at the time). *See* FAC at ¶¶ 6–10. Plaintiffs contend that Social Security Administration employees verbally harassed and threatened Plaintiff Edward Lacy, and Mr. Lacy thus called the Hayward Police Department. *Id.* at ¶¶ 11–13. Before the police arrived, however, a guard on duty forcibly handcuffed and pepper sprayed Mr. Lacy in front of his son. *Id.* at ¶¶ 14–15, 18–19. Plaintiffs allege that when the police finally arrived, they placed a second pair of handcuffs on Mr. Lacy, and the Hayward Fire Department "arrived and began to throw water on Plaintiff Ed Lacy's face." *Id.* at ¶¶ 20–21. Plaintiffs allege that Mr. Lacy "was released to the Federal police," who gave him

a citation for "creating a loud or unusual noise." *See id.* at ¶¶ 27–28 (citing 41 C.F.R. § 102-74.390). Plaintiffs complained about the incident to, among others, the Hayward Police Department and the Alameda County District Attorney's Office, who did nothing in response. *Id.* at ¶¶ 31–42. Plaintiffs list causes of action under the Fourth Amendment and Fourteenth Amendment, as well as several statutory provisions and unidentified state laws.[1] *See id.* at ¶¶ 43–81.

This is not the first time Plaintiffs have raised such allegations. In a related case, Plaintiffs alleged that they experienced the same mistreatment at the same location on the same day, and that law enforcement and political officials did nothing in response to their complaints. *See Lacy v. Social Security Administration*, Case No. 25-cv-06256-HSG ("*Lacy I*"). The Court in *Lacy I* ultimately dismissed the case without leave to amend. *See Lacy I*, Dkt. No. 23. A few weeks later, Plaintiffs filed this case. The complaints are nearly identical across the two cases, with Plaintiffs seeming to add a few more handwritten annotations to the FAC. *Compare* FAC, with *Lacy I*, Dkt. No. 1. Plaintiffs appear to inherently acknowledge this overlap, filing a "motion to incorporate exhibits from prior case" here. *See* Dkt. No. 12 (noting the exhibits "are relevant and necessary to this [new] case"). But Plaintiffs cannot use a new case to circumvent the Court's prior decision.

Res judicata, also known as claim preclusion, limits the ability of litigants to relitigate matters. The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications." *Dodd v. Hood River County*, 136 F.3d 1219, 1224–25 (9th Cir. 1998). Res judicata applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation omitted). Where these factors are met, res judicata not only bars claims that were actually adjudicated in the prior action, but also all claims that could have been raised in that action. *W. Radio Servs. Co. v. Glickman*,

[1] As noted below, Plaintiffs have moved the Court to "incorporate" exhibits from an earlier-filed case here. *See* Dkt. No. 12. For completeness, the Court considers these exhibits as incorporated into the FAC, though these exhibits do not alter the Court's analysis.

123 F.3d 1189, 1192 (9th Cir. 1997). All three factors are readily met here.

First, there is an identity of claims. "The central criterion in determining whether there is an identity of claims . . . is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quotations omitted). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (cleaned up). The Ninth Circuit has explained that although "[a] plaintiff need not bring every possible claim," "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

As already noted above, Plaintiffs are challenging the exact same alleged conduct as described in *Lacy I*, relating to Plaintiffs' April 1, 2013, visit to the Social Security Administration office in Hayward. The complaints are at times difficult to parse, but even if there are slight variations in how Plaintiffs frame their claims now (such as listing statutory claims on the caption), they all arise from the same set of facts as the claims in *Lacy I*.

Second, there is identity or privity between the parties in *Lacy I* and this case. Plaintiff handwrote additional Defendant names in the "parties" section of the FAC in this case. *See* FAC at 2. But these parties already appeared elsewhere in the complaint in *Lacy I*. This is especially apparent by comparing the "demand for relief" in each case: they are identical, and seek the same monetary damages from the same parties. *Compare* FAC at 14, *with Lacy I*, Dkt. No. 1 at 13–14.

Lastly, there has been a final judgment on the merits in *Lacy I*. Under Federal Rule of Civil Procedure 41(b), a dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" (quotation omitted)). As noted above, the Court dismissed Plaintiffs' complaint without leave to amend and entered judgment in Defendants' favor in *Lacy I*. *See Lacy I*, Dkt. Nos. 23, 24. The dismissal therefore

constitutes a final judgment on the merits. *Accord Wescott v. Moon*, No. 23-CV-06624-RFL, 2024 WL 3379684, at *2 (N.D. Cal. Apr. 16, 2024) (finding final judgment for purposes of res judicata based on screening complaint under 28 U.S.C. § 1915(e)(2)).

## III. CONCLUSION

The Court **DENIES** Plaintiffs' motion to proceed *in forma pauperis*. Dkt. No. 2. Given the nature of Plaintiffs' claims, the Court further finds that granting leave to amend would be futile. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotation omitted). The Court therefore **DISMISSES** the complaint without leave to amend. The Clerk is directed to enter judgment in favor of Defendants and to close the case. Plaintiffs are cautioned that they may not file serial cases against Defendants simply because they are dissatisfied with the outcome. To the extent Plaintiffs disagree with the Court's rulings, they must file an appeal with the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: 8/28/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge